UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE LEROY JAMISON,

    Petitioner,                             Civil No. 2:22-CV-10282
                                                 HONORABLE SEAN F. COX
                                                 CHIEF UNITED STATES DISTRICT JUDGE
v.

SHERMAN CAMPBELL,

    Respondent,
_____/

**SECOND ORDER COMPELLING PRODUCTION OF STATE COURT RECORD**

       On February 11, 2022, petitioner Andre Jamison filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 15, 2022, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by August 15, 2022. Respondent filed an answer to the petition on that date. Respondent also filed some of the Rule 5 materials, but failed to file the compact disc recordings of petitioner's telephone conversations that were recorded while he was incarcerated at the Oakland County Jail or a transcription of these telephone calls. A review of these materials is necessary for resolving petitioner's claims.

       The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. § 2254. "When this information is required,

it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.  The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003).  It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 F App'x. 448, 450 (6th Cir. 2001).

Based upon the foregoing, the court orders respondent to produce the compact disc recordings of petitioner's telephone conversations from the Oakland County Jail or a transcription of these conversations in petitioner's case within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order.  If respondent chooses to file the actual compact disc recordings, he will be excused from filing the compact discs electronically, as required by E.D. Mich. LR 5.1.1, and will be permitted to file them in the traditional manner with the court. *See Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 593, n. 8 (E.D. Mich. 2016).

                                            S/David. R. Grand
                                            HON. DAVID R. GRAND
                                            UNITED STATES MAGISTRATE JUDGE

Dated: 3/3/2023